IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. TOMLINSON,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security;<br><br>        Defendant. | 8:11CV96<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on plaintiff's motion for attorney fees, Filing No. 31. Plaintiff requests attorney fees pursuant to 42 U.S.C. § 406(b). On September 6, 2012, this court reversed and remanded the case to the defendant Commissioner. Filing No. 24. Subsequently, the plaintiff filed a motion for attorney fees. Filing No. 25. Thereafter, this Court awarded fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, to the plaintiff in the amount of $5,981.25. Filing No. 28. Plaintiff now asks for fees in the amount of $9,263.75 based on a contingency fee of 25% of past due benefits.[1] Filing No. 31, Exs. A, B and C.

      Pursuant to 42 U.S.C. § 406(b), the court may award attorney fees to a successful claimant's counsel for work performed before the court in a "reasonable" amount, not to exceed twenty-five percent (25%) of the total past due benefits awarded to the claimant. These fees are awarded from the past due benefits awarded to the claimant and are withheld from the claimant by the Commissioner. *Id.*

      The Court has carefully reviewed the record, including the contingency fee signed by the plaintiff and the declaration wherein the plaintiff agrees to this fee award. Filing No. 31, Exs. A, B, and C. Further, the Court previously reviewed the hours and time submitted by the plaintiff's counsel when addressing the EAJA request for fees and found them reasonable. Counsel obtained good results for his client, and the benefits to counsel are not large when compared with the time

---

[1] On remand, the social security administration awarded the plaintiff benefits in the amount of $27,259.25.

submitted in this case. The Court determines the amount does not grant a windfall to counsel. The Court finds the agreement allowing counsel 25% of the recovery is reasonable and fair. *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

The defendant does not object to this amount, but requests that the EAJA fee be payable to the plaintiff. Congress has precluded a receipt of attorney fees for the same services under the EAJA and the Social Security Act. On August 5, 1985, by Pub. L. No. 99-80, § 3, 99 Stat. 186, Congress amended section 206(b) of Pub. L. No. 96-481 to provide that the smaller of the fees awardable for the same work under the EAJA and the Social Security Act must be refunded to the claimant by the attorney. As a result, the Court agrees with the government that the plaintiff must submit the lesser amount to the client. *See Gisbrecht*, 535 U.S. at 796.

Accordingly, the Court will grant plaintiff's motion for fees.

THEREFORE, IT IS ORDERED that:

1. Plaintiff's motion for attorney fees, Filing No. 31, is granted and counsel for plaintiff is awarded attorney fees in the amount of $9,263.75.

2. Counsel for the plaintiff shall refund the previously awarded $5,981.25 directly to the plaintiff to offset the $9,263.75 award.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 14th day of April, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge